

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 05 2025

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES HURT, III                                                    PLAINTIFF

V.                        Case No. 4:25-cv-917-DPM

This case assigned to District Judge **Marshall**
and to Magistrate Judge **Kearney**

OTIS ELEVATOR COMPANY                                               DEFENDANT

## DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

Defendant Otis Elevator Company ("Otis"), by and through its attorneys, hereby removes this action from the Circuit Court of Pulaski County, Arkansas, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1404(a) and states the following grounds in support of removal:

### OVERVIEW

1.      On August 5, 2025, Plaintiff filed a Complaint in the Circuit Court of Pulaski County, Case No. 60CV-25-8980. A true and correct copy of the Complaint, along with the complete state court file as of the time of removal, is attached hereto as **Exhibit A**.

2.      Otis was served with the Summons and Complaint on August 7, 2025.

3.      Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Otis of the Complaint and Summons. Removal is timely.

4.      Concurrent with the filing of this Notice, Otis is serving this Notice on Plaintiff's counsel and is filing a copy of this Notice with the Clerk of the Circuit Court of Pulaski County, Arkansas.

1

3458709-v1

5. As shown below, removal is appropriate on diversity grounds because Otis is not a citizen of Arkansas. As such, the parties are completely diverse.

6. Also shown below, Plaintiff seeks damages in an amount exceeding the minimum requirement for federal jurisdiction based on diversity of citizenship. The amount in controversy, therefore, exceeds \$75,000.

7. Finally, as discussed in more detail below, Otis contends that based on the location of the subject incident (Pulaski County), Plaintiff's residence (Pulaski County), and the location of other witnesses, the Eastern District of Arkansas, Central Division is the appropriate venue for this action.

## GROUNDS FOR REMOVAL

8. Removal is appropriate under 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(2) as there is complete diversity between the parties, and the amount in controversy exceeds \$75,000, exclusive of interests and costs.

### Diversity of Citizenship

9. Plaintiff is a resident of Pulaski County, Arkansas.

10. Otis Elevator Company is a foreign corporation organized under the State of New Jersey with its principal place of business in Farmington, Connecticut. Thus, Otis is a resident of New Jersey and Connecticut for purposes of diversity jurisdiction.

11. Accordingly, this action involves "citizens of different states." 28 U.S.C. § 1331(a)(1)-(2). Plaintiff is a citizen of Arkansas, and because the only defendant in

2

this action is a citizen of New Jersey and Connecticut, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

## Amount in Controversy

12.    The amount in controversy requirement is also satisfied.  Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

13.    In his Complaint, Plaintiff specifically prays that he be "awarded reasonable damages in an amount exceeding the current minimum requirement for federal jurisdiction in diversity of citizenship cases." **Ex. A**, p. 2.  As such, the amount in controversy exceeds the jurisdictional amount.

## Venue is Proper in the Eastern District of Arkansas

14.    Removal to this Court is proper because Pulaski County, Arkansas, where the state action is pending, is within the Eastern District of Arkansas.  28 U.S.C. § 83(a).

15.    Venue is proper in the Eastern District of Arkansas because the events that gave rise to this action occurred in the Eastern District of Arkansas.  28 U.S.C. § 1391(b)(2).

3

16.     After filing this Notice of Removal, Otis will promptly give written notice of the removal to all adverse parties and file a copy of the notice with the Clerk of the Circuit Court of Pulaski County, Arkansas.

WHEREFORE, defendant Otis Elevator Company hereby removes this action from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas, Central Division, and seeks resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PHONE:      (501) 371-0808
FAX:        (501) 376-9442
E-MAIL:     kwilson@wlj.com
            abarnes@wlj.com

By: _____
Kyle R. Wilson (89118)
Allie K. Barnes (2024211)
*Attorneys for* Otis Elevator Company

4

3458709-v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 5, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system, and a copy of the foregoing was served via U.S. mail, postage prepaid on the following:

Kale D. Anderson, Esq.
THE BRAD HENDRICKS LAW FIRM
500 C Pleasant Valley Drive
Little Rock, AR 72227
(501) 221-0444

*Attorneys for Plaintiff*

5

3458709-v1

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

**Plaintiff(s)**
CHARLES HURT, III

vs.                                          No. _____

**Defendant(s)**
OTIS ELEVATOR COMPANY

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

    Otis Elevator Company
    c/o Registered Agent, CT Corporation System
    230 S Izard Street
    Little Rock, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

        Kale Anderson
        The Brad Hendricks Law Firm, P.A.
        500C Pleasant Valley Drive
        Little Rock, Arkansas 72227

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Address of Clerk's Office                     CLERK OF COURT

401 W. Markham, Room 420
Little Rock, AR  72201

                                _____
                                [Signature of Clerk or Deputy Clerk]

[SEAL]

                                _____
                                Date

**EXHIBIT A**

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**NOTICE OF RIGHT TO CONSENT
TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE**

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, **and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial,** and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- **CONSENT TO PROCEED BEFORE A STATE DISTRICT JUDGE** -- and return to the Circuit Clerk.



**Case Title:**    CHARLES HURT, III V OTIS ELEVATOR COMPANY

**Case Number:**    60CV-25-8980

**Type:**    SUMMONS - FILER PREPARED

So Ordered

*[signature]* Jane Valenzuela

Electronically signed by JDVALENZUELA on 2025-08-05    page 5 of 5

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Aug-05 10:01:15
60CV-25-8980
C06D06 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**CHARLES HURT, III**                                                                **PLAINTIFF**

**vs.**                                         Case No. _____

**OTIS ELEVATOR COMPANY**                                            **DEFENDANT**

## COMPLAINT

COMES the Plaintiff, Charles Hurt, III, by and through counsel, Kale D. Anderson, and for this cause of action states:

1. Plaintiff is a resident of Pulaski County, Arkansas. The cause of action concerns tortious injury occurring in Pulaski County, Arkansas.

2. Defendant, Otis Elevator Company, is a foreign corporation doing business in Pulaski County, Arkansas.

3. Pursuant to Ark. Code Ann. §16-60-112(a), this Court has subject matter jurisdiction and personal jurisdiction over the parties, and venue is proper in this Court pursuant to Ark. Code Ann. § 23-79-204.

4. On December 26, 2024, Plaintiff was leaving an office building located at 5301 Northshore Drive in North Little Rock, Pulaski County, Arkansas. That building is owned or leased by the Arkansas Department of Environmental Quality (ADEQ).

5. Plaintiff entered the elevator in common use in ADEQ's building. While Plaintiff was riding it down to the ground floor, the elevator failed to slow down before coming to a sudden stop at the ground floor.

6. As a result of the failure of the elevator to slow before stopping, Plaintiff was knocked down and injured by the abrupt stop.

7. Defendant manufactured the elevator and was responsible for keeping it in a proper working condition and reasonably safe.

8. Defendant, Otis Elevator Company, was negligent in:

   a. failing to warn Plaintiff that the elevator was not working properly and posed an unreasonable risk of harm; and,

   b. failing to keep the elevator in a reasonably safe condition.

9. That as a proximate result of the Defendants' negligence, Plaintiff sustained the following damages:

   a. permanent physical injury;

   b. medical expenses, past and future;

   c. pain, suffering and mental anguish, past and future; and,

   d. loss of earnings.

10. That Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that upon trial of this matter he be awarded reasonable damages in an amount exceeding the current minimum requirement for federal jurisdiction in diversity of citizenship cases; together with all other just and equitable relief to which he may be entitled.

Respectfully submitted,

**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Dr.
Little Rock, AR   72227
(501) 221-0444
(501) 661-0196 (fax)

BY: _____
KALE D. ANDERSON, A.B.N. 2019205